# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GREENE, | : | |
| Petitioner, | : | |
| v. | : | No. 3:16-CV-900 |
| SUPERINTENDENT TICE, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### MAY 22, 2018

**I.  BACKGROUND**

Michael Greene, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania, (SCI-Huntingdon), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter was initially assigned to the Honorable Edwin M. Kosik of this Court. Named as Respondent is Superintendent Tice of SCI-Huntingdon. Service of the Petition was previously ordered.

In May 2006, Petitioner was convicted of aggravated and simple assault following a jury trial in the Court of Common Pleas of Lackawanna County, Pennsylvania. As a result, Greene was sentenced to life in prison as a three strikes offender. Following a direct appeal, the Superior Court of Pennsylvania

overturned Petitioner's sentence on the grounds that Greene's prior convictions could not be considered for the three strikes necessary to impose a life sentence. Greene was resentenced on December 15, 2010 to an aggregate one hundred and two (102) to two hundred and forty (240) month term of imprisonment. Petitioner's maximum release date is July 21, 2024. The pending action does not challenge the legality of Greene's conviction or sentence. *See* Doc. 1, ¶ 8.

Petitioner was considered for, and denied parole on July 30, 2014; May 2, 2015; and March 31, 2016. In the March 31, 2016 determination, Petitioner was denied parole based upon multiple factors. *See* Doc. 11-1, p. 8. The Pennsylvania Board of Probation and Parole (Parole Board) cited the following reasons in support of its decision: a risks and needs assessment, reports, evaluations and assessments found that Greene posed a risk to the community if released; a negative recommendation by the prosecuting attorney; and the inmate's lack of remorse for his crime.

Petitioner claims entitlement to federal habeas corpus relief on the grounds that the Parole Board improperly denied him parole and violated his due process rights. He generally contends that the Parole Board acted in an arbitrary and vindictive manner because it failed to consider his lack of institutional misconducts, program completions, and positive achievements while incarcerated. It is also asserted that a Parole Board member told Greene that he would only be

paroled if he dropped his pending state court petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).

**II.   DISCUSSION**

This action will be construed as solely challenging the March 31, 2016 adverse determination by the Parole Board.  *See Cameron v,. Kerestes*, No. 1:13-CV-2159, 2014 WL 201078 *4 (M.D. Pa.  Jan. 16, 2014)(Rambo, J.)(one year limitations period of Section 2244(d) of Title 28 of the United States Code applies to a habeas corpus action challenging a parole decision)

Title 28, United States Code § 2241 vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2241(c)(3).  It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  Likewise, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled.  *Rodgers v. Parole Agent SCI-Frackville, Wech*, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); *McCrery v. Mark*, 823 F. Supp. 288, 294 (E.D. Pa. 1993); *Thorpe v. Grillo*, 80 Fed. Appx. 215 (3d Cir. 2003)(because there is no constitutional right to parole, any substantive due process claim is foreclosed); *Perry v. Vaughn*, 2005 WL 736633 at *10  (E.D. Pa. March 31, 2005).

However, the United States Court of Appeals for the Third Circuit has also held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under *Greenholtz,* once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

*Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." *Id*. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. *Id*. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." *Id*. at 236 n.2.

Here, there is no allegation that Greene was denied parole on the basis of his race, religion, or ethnicity. As previously discussed, Greene had advanced a claim that the Parole Board failed to apply proper criteria in rendering its decision to deny parole. The parole decision noted that Greene, who has a lengthy criminal history, including approximately 35 arrests and convictions in the State of

Massachusetts, had been interviewed and a review of his file had taken place. *See* Doc. 11-1, p. 8. Clearly, Petitioner's criminal record was an appropriate and relevant factor to be considered by the Parole Board in assessing Greene's suitability for release.

Additionally, the Parole Board stated that a risk and needs assessment, evaluations, and reports regarding the Petitioner indicated that he would pose a threat to the community if released. Such reports/assessments/evaluations were a proper source of information to be considered by the Parole Board in reaching its decision. Likewise, an unfavorable recommendation by the prosecuting attorney was a relevant and appropriate report to be relied upon in making a parole eligibility determination. It is also noted that Petitioner's does not challenge the Parole Board's observation that he failed to express remorse for his crime.

The parole decision rendered in Greene's case was simply not premised upon the type of frivolous criteria which would warrant relief under *Block*. This is not a case where parole was denied solely based upon arbitrary and capricious grounds. Rather, the Parole Board's March 2016 decision specifically enumerated legitimate reasons for denying parole, notably reports/assessments indicating that Greene posed a threat to the community if released. As previously discussed, federal courts are not authorized to second guess Parole Board determinations; rather, habeas corpus relief is limited to those situations where the Parole Board

has engaged in conscience shocking decision making which is arbitrary and capricious. *See Hunterson v. DiSabato*, 306 F. 3d 236, 246-7 (3d Cir. 2002). It is also noted that in his reply Petitioner appears to withdraw his assertion that a Parole Board member told him he would not be paroled while his PCRA action was pending. *See* Doc. 14, p. 13.

In the present case the Parole Board simply did not rely on any factors which could be described as conscience shocking. The factors cited by the March 2016 adverse parole decision were relevant and appropriate. Accordingly, the Parole Board's decision did not violate Petitioner's constitutional due process protections.

Petitioner's reply also raises a speculative allegation that the negative parole recommendation given by the prosecuting attorney was the result of retaliation. Greene asserts that the prosecuting attorney and the state sentencing court subjected him to retaliation because they were upset that the Superior Court had ordered that he receive a more lenient sentence.

"Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990); *Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privilege he was denied, only that the challenged actions were motivated in substantial part by a desire to punish him for the exercise of a

constitutional right). In *Rauser v. Horn*, 241 F.3d 330, 333 (2001), the Third Circuit held that a prisoner must prove that the conduct which led to the alleged retaliation was constitutionally protected. If the prisoner satisfies that requirement he must then show he suffered some "adverse action" at the hands of prison officials. *Id*. *Allah* defined adverse action as being "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." *Allah*, 229 F.3d at 225.

Next, the prisoner must prove a causal link between the exercise of the constitutional right and the adverse action against him. Under *Rauser*, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. *Id*. at 334.

Based on an application of those factors, Petitioner has not sufficiently alleged facts which could support a claim that the decision to deny his request for parole was retaliatory as required by *Rauser*. Greene's wholly speculative assertions of retaliation by the sentencing judge and prosecuting attorney as stated are an insufficient basis for a determination that he was the victim of retaliation.

## III. CONCLUSION

In this matter there is simply no foundation to support a conclusion that the decision to deny parole to Greene was based on constitutionally impermissible reasons. Since his claims regarding the denial of his parole application by the Parole Board do not rise to the level of a constitutional violation, Greene's petition is subject to dismissal.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge